IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLIE L. TAYLOR                                                                                    PLAINTIFF

versus                                                            CIVIL ACTION NO. 2:05-cv-44-KS-MTP

FLORENCE JONES, *et al.*                                                                    DEFENDANTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to serve process upon Defendant Jimmy Pearce as required by the court's previous order. Having considered the record of this case and the applicable law, the undersigned recommends that the plaintiff's claims against Defendant Jimmy Pearce be dismissed.

On February 7, 2005, the plaintiff instituted this action pursuant to 42 U.S.C. § 1983 against four named defendants– Florence Jones, Regina Corley, Melinda Ezell and Jimmy Pearce. As the plaintiff is not proceeding *in forma pauperis,* on March 7, 2005 he was notified by memorandum from the Clerk of Court of his responsibility for serving process upon the defendants. He was also advised that his failure to properly serve the complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure could result in dismissal.

Process was thereafter served upon and an answer filed on behalf of all defendants except for Jimmy Pearce. By letter dated June 2, 2005, counsel for the answering defendants acknowledged receipt of summonses for each of the defendants but advised Taylor that Jimmy Pearce was no longer employed by MDOC and accordingly that MDOC could not accept process for Pearce.[1] After his initial attempt, Taylor made no apparent efforts to serve Jimmy Pearce.

On May 1, 2007, Taylor was given thirty days to submit proof of service upon Pearce to

---

[1] *See* "notice of summons served on defendants" [6-2] at page 2 of 7.

the Clerk of Court for filing and was warned that his failure to do so would result in the recommendation that his claims against Jimmy Pearce be dismissed.[2]  Although summons was issued for Jimmy Pearce on May 16, 2007 and forwarded to Taylor for delivery, the record does not reflect that process has been effected.

Federal Rule of Civil Procedure 4(m) defines the consequences of a plaintiff's failure to serve process within 120 days after the filing of the complaint, including that "the court...shall dismiss the action without prejudice as to [the unserved] defendant."  The 120-day period within which the plaintiff was required to serve Pearce having expired nearly two years ago and the extension of time for service having also expired, Pearce may now appropriately be dismissed from this action. *See Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the plaintiff's complaint as to Defendant Jimmy Pearce be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain

---

[2] *See* Order Lifting Stay and Setting Deadlines for Certain Matters [71] at 3-4.

error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 13th day of June, 2007.

                                      s/Michael T. Parker
                                      United States Magistrate Judge