IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLIE L. TAYLOR                                                                                    PLAINTIFF

versus                                                        CIVIL ACTION NO. 2:05-cv-44-KS-MTP

FLORENCE JONES, *et al.*                                                                   DEFENDANTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court on the plaintiff's Motion for Arrest [91], which is in the nature of a request for injunctive relief.  Having considered the plaintiff's submissions, the record of this case and the applicable law, the undersigned recommends that the motion be denied.

On February 7, 2005, the plaintiff instituted this action pursuant to 42 U.S.C. § 1983 against four named defendants–Florence Jones, Regina Corley, Jimmy Pearce and Melinda Ezell. The claims stated by the plaintiff in the original complaint and the allowed amendments include conspiracy, deprivation of his right to procedural due process, retaliatory disciplinary action, retaliatory transfer, retaliatory reclassification to D custody and denial of his right of access to courts.

By the instant motion Taylor references a previously-denied motion seeking relief from "mail theft"[1] and contends that the "mail obstruction has gotten worse."  Although Taylor's specific request is for the arrest, indictment and prosecution of four individuals allegedly involved in tampering with his mail, liberally construed, the request is ostensibly one for injunctive relief.  However, the persons against whom relief is sought are not parties to this case,

---

[1]By his Motion to Reinstate Motions [93] filed May 21, 2007, Taylor seeks reinstatement of that motion along with approximately fifteen others.  Disposition of motion 93 will be by separate order.

and Taylor's newest requests do not involve facts or other matters at issue in this case.

For a preliminary injunction to issue, the requesting party must show: (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any harm the injunction may cause to *the party* against whom the injunction is sought, and (4) that granting the injunction will not have an adverse effect on the public interest. *See Harris v. Wilters,* 596 F.2d 678, 680 (5th Cir. 1979)(emphasis added).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion" on each of the four elements of the analysis. *White v. Carlucci,* 862 F.2d 1209, 1211 & n.1 (5th Cir. 1989) (affirming denial of injunction). In this case, Taylor cannot prevail on the merits of any claims against the charged prison employees because they are not defendants in this action and there are no claims pending against them.[2] Consequently, he cannot make the required showing, and extraordinary relief is properly denied. *See Harris v. Wilters,* 596 F.2d 678, 680 (5th Cir. 1979)(affirming denial of injunctive relief and describing issuance of preliminary injunction as proper "[o]nly in rare instances").

The propriety of denial is further borne out by the dictates of Federal Rule of Civil Procedure 65(d), which specifies that even under circumstances where injunctive relief is granted, the order granting it "is binding only upon the parties to the action...." In this case, there is no party to be bound. *See generally Harris County, Texas v. Carmax Auto Superstores,* 177

---

[2] The claims that provide the basis for this action occurred while Taylor was incarcerated at South Mississippi Correctional Institution in Leakesville. He had been transferred to Mississippi State Penitentiary in Parchman by the time he filed his complaint in February of 2005 and was housed there when he filed the instant motion. This court further notes that the plaintiff fails to state a claim for relief that can be granted in the context of a civil action.

F.3d 306, 314 (5th Cir. 1999) (observing that the "central reason that one who is not a party to the action in which the injunction was issued cannot be bound by it is that he has not had his day in court with respect to the validity of the injunction)(citations and emphasis omitted).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the plaintiff's Motion for Arrest [91] be DENIED and that his Motion to Supplement Motion for Arrest [103] be DENIED as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 15th day of June, 2007.

s/Michael T. Parker
United States Magistrate Judge